## MUSTIAN *vs.* JONES & BROOKS.

A bill which alleges that a lot of land, of which the complainant was the true owner, was sold through misapprehension by the sheriff, the complainant offering to repair all the consequences of the mistake to the purchaser, and which alleges that the sheriff, at the instance of the purchaser, is about to turn the complainant out of possession, is a good bill, and ought to be retained for the equitable relief of injunction and cancellation.

In Equity, in Muscogee County. Decision by Judge WORRILL, at Chambers, 20th January, 1860.

John L. Mustian filed his bill in Muscogee Superior Court, alleging that, he being the owner, and in possession of, lot number 93 in the city of Columbus, sold the same to one Israel F. Brown for seventeen hundred and twenty-five dollars, taking Brown's note for the purchase-money, and giving him a bond to make titles to the land when said purchase-money should be paid; that Brown entirely failing to pay the note or any part of it, the complainant brought suit on the same in said Superior Court, and at the May Term, 1859, recovered a judgment against said Brown on said note for seventeen hundred and twenty-five dollars principal and one hundred and seventy-one dollars and six cents interest to the date of judgment, with cost of suit; that after the rendition of said judgment, Brown becoming convinced that he could not pay for the lot, proposed to cancel the trade, which proposition complainant accepted, and the contract was rescinded, and complainant's bond for titles given up to him, and the judgment satisfied as to all but the costs. Complainant rescinded the contract because he ascertained that Brown was insolvent; that shortly after the cancellation of the trade, in the month of October, 1859, complainant took possession of said lot of land, according to, and in pursuance of, the terms upon which said contract was rescinded, and has held possession of the same ever since; that about the first of October, 1859, Francis M. Brooks, then sheriff of said county, levied the *fi. fa.* issued from the judgment aforesaid, on said lot as the property of said Brown, and advertised the same to be sold at Sheriff's sale on the first Tuesday in November, 1859; that on the day of sale, complainant, by his attorney,

enquired of John Ligon, who was then acting as deputy sheriff, (the principal sheriff being confined at home by sickness) if the said lot so levied on and advertised as aforesaid would be sold, and was informed by the said Ligon that the property would not be sold in consequence of the illness of said Brooks, the principal sheriff; that the enquiry was made for the sole purpose of giving the sheriff instructions not to sell said land under said *fi. fa.*, because the contract between Brown and complainant had been rescinded, and the *fi. fa.* satisfied as aforesaid, and that complainant had possession of said land; that one G. J. Lloyd, who had been recently temporarily sworn as deputy sheriff, and of whose qualifications as such deputy sheriff complainant at the time of sale was wholly ignorant, put up and exposed said lot to sale in the absence of said Brooks, and Ligon and complainant, and in the absence of the *fi. fa.*, and without any evidence of the existence of the same except the newspaper advertisement of the sale; that complainant knowing that the *fi. fa.* was settled, and being informed as aforesaid that the lot would not be sold on that day, did not attend the sale, and did not file in the Clerk's office any deed to said Brown for the lot, and said lot was therefore sold and bid off by R. J. Moses, Esq., for the nominal price or sum of one hundred dollars, said Moses, as complainant is informed and believes, announcing at the time of sale and before any bid was made for the land, that he either had a mortgage on said land or represented a mortgage claim, on the same, and being the only bidder, and making but one bid, bought said land for the price aforesaid of one hundred dollars, when the same was then worth two thousand dollars; that no mortgage was exhibited, and if any existed, complainant had no knowledge of the same whatever, and that the land sold for the nominal sum aforesaid in consequence of the representations of said Moses, that there was a mortgage lien or incumbrance on the land; that, as complainant is informed, the said R. J. Moses has transferred his bid aforesaid to Seaborn Jones, and that the said sheriff, Brooks, has executed a sheriff's deed, conveying to the said Jones all the interest of Brown in said land, which interest complainant avers was nothing, as said Brown never had any title to the land, and had never paid a dollar of the purchase-money; that in the face of all the facts aforesaid, the said Jones is pressing the said Brooks to put

him in possession of said land, which the sheriff has notified complainant he will do, and which he will do unless enjoined by a Court of Equity.

The prayer of the bill is, that the said Seaborn Jones and F. M. Brooks may answer the charge of the bill, and that the pretended sheriff's sale may be set aside, and the sheriff's deed made by Brooks to Jones under the transfer of the bid of Moses may be delivered and cancelled; and for general relief.

The complainant offers in his bill to refund the hundred dollars bid by Moses for the premises, etc.

Defendants answered the bill and moved that the injunction be dissolved, on the grounds, that the equity of the bill was fully sworn off by the answer, and that there was no equity in said bill.

The Court, after argument, ordered the injunction to be dissolved, on the ground, that complainant had an adequate common law remedy.

To which decision counsel for plaintiff excepted.

WILEY S. WILLIAMS, JOHNSON & SLOAN, for plaintiff in error.

JONES & JONES, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The Judge below dissolved the injunction upon the ground, that the complainant had an adequate common law remedy. We do not think so. The case made by the bill is, that the land was sold through a misapprehension, all the consequences of which to the defendant the complainant offers to repair; and further, that the sale conveyed no title there being none in the defendant in *fi. fa.*, and so the purchaser acquired only such title as would enable him to annoy the complainant, who is the true owner, without enabling him to recover the land—just such a title as ought to be suppressed by cancellation and injunction, remedies which can be furnished only in a Court of Equity.

Judgment reversed.